# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:22-CR-721 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| ISAAC WOOLLEY, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Defendant Iassac Woolley asks the Court to Revoke the Magistrate Judge's Detention Order issued June 28, 2023. (ECF #16). For the following reasons, the Court **DENIES** Defendant's Motion.

## BACKGROUND

On December 15, 2022, a Grandy Jury indicted Defendant with Entering Aircraft or Airport Area in Violation of Security Requirements, a violation of 49 U.S.C. §§ 46314(a) and (b)(2); Violence at International Airports, a violation of 18 U.S.C. § 37(a)(2); two counts of Carjacking, violations of 18 U.S.C. § 2119(1); Destruction of Aircraft or Aircraft Facilities, a violation of 18 U.S.C. § 32(a)(3); and Destruction of Aircraft or Aircraft Facilities, a violation of 18 U.S.C. § 32(a)(5). (ECF #12.)

Before the Indictment and proceeding pursuant to a Criminal Complaint and the Defendant's subsequent arrest, the Defendant was subject to a Detention Hearing conducted by a magistrate judge. (See Minutes Order dated 12/5/22, summarizing Detention Hearing.) The

1

magistrate judge found on the evidence before him that there was reasonable cause to believe that Defendant may have been presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  (*Id.*)  Accordingly, the magistrate judge referred Defendant to the BOP for a mental competency examination and the preparation of a psychiatric and psychological evaluation report.  (*Id.*)

Upon completion of the mental competency examination and submission of the psychiatric report (ECF #14, *SEALED*), the Court through a magistrate judge held a Competency Hearing on June 20, 2023, and Defendant was found competent to stand trial.  (See Minutes Order dated 6/20/23, summarizing Competency Hearing.)  The magistrate judge then arraigned the Defendant, who plead not guilty, and scheduled a detention hearing on the motion of the Government to be held June 27, 2023.  (See Minutes Order dated 6/20/23, summarizing Arraignment.)

At the Detention hearing, the Government argued before a magistrate judge that Defendant posed a significant flight risk and danger to the community based on his history and the nature of the charges.  (ECF #21, Transcript of Detention Hearing.)  Defendant's counsel countered that the Defendant is highly decorated disabled veteran, honorably discharged, and receiving care from the Veteran's Administration, and that the conduct alleged in the Complaint/Indictment was an aberration.  (*Id.*)  Defendant's counsel argued that Defendant was not a flight risk because he lacked the means to flee and his willingness to submit his passport to the Court.  (*Id.*)  Further, Defendant's wife would serve as his guardian to ensure that Defendant attended his VA appointments and maintained his medications.  The magistrate judge took the issue of detention under advisement.

2

The next day, the magistrate judge issued an Order of Detention Pending Trial, finding:

> based upon the seriousness and the circumstances of the instant charges; the Defendant's mental health history, and his failure to regularly and properly seek treatment; his substance abuse history; his conduct upon his arrest; and the substance of the recorded jail telephone calls after his arrest; no condition or combination of conditions will reasonably assure the Defendant's appearance and the safety of the community.

(ECF #16.)

On August 14, 2023, Defendant filed his Motion for Revocation of Magistrate's Detention Order. (ECF #19.) The Government filed its opposition on August 16, 2022. (ECF # 20.) Defendant did not file a Reply.

## LAW AND ARGUMENT

Defendant rightfully asserts that a district court may conduct a *de novo* review of a magistrate judge's decision to detain under 18 U.S.C. § 3145(b). *United States v. Alexander*, 742 F. Supp. 421, 423 (N.D. Ohio 1990). By doing so, the district court conducts the same analysis with the same options under 18 U.S.C. § 3142 as the magistrate judge. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000).

Under § 3142, "a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citing § 3142(e)). A finding of dangerousness must be "supported by clear and convincing evidence." *Id.* (citing § 3142(f)(2)(B)). A finding of flight risk must be proved by a preponderance of the evidence. *United States v. Hinton*, 113 Fed. App'x 76, 77 (6th Cir. Sept. 20, 2004). Accordingly, the default position "is that a defendant should be released pending trial." *Stone*, 608 F.3d at 945.

3

A court modifies the default position when "the judicial officer finds that there is probable cause to believe" that a defendant committed one of the crimes listed in § 3142(e)(3)(A) – (E). 18 U.S.C. § 3142(e)(3). In such a case, a presumption in favor of detention exists. *Id.* In order to defeat this presumption, a defendant must "come forward with evidence that he does not pose a danger to the community or a risk of flight." *Stone*, 608 F.3d at 945 (citations omitted). While this burden "is not heavy," a defendant "must introduce at least some evidence." *Id.*

"Even when a defendant satisfies his burden of production, however, 'the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court.'" *Id.* (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). "Regardless of whether the presumption applies, the government's ultimate burden is to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community." *Id.* at 946. Ultimately, a court must consider the § 3142(g) factors to determine if the government met its burden. *Id.*

The parties do not dispute that the presumption of detention under § 3142(e)(3) applies. "[W]hen the government presents an indictment including charges listed in § 3142(e)(3), it has fulfilled its burden to establish the presumption in favor of detention." *Stone*, 608 F.3d at 945 (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985)). Here, the Grand Jury indicted Defendant with crimes listed in § 3142(e)(3)(C), namely, a qualifying offense listed in 18 U.S.C. § 2332b(g)(5)(B), for which a maximum term of imprisonment of 10 years or more is

4

prescribed.[1]  Since the Government has established the presumption of detention, Defendant must produce some evidence that he is neither a danger to the community nor a flight risk.

Defendant's burden to rebut the presumption is light.  *Stone*, 608 F.3d at 945.  Defendant argues in his motion that he is not receiving the proper medical care for his mental health conditions, including PTSD, that he received from the VA.  He argues that if released on bond, he can resume his proper medical care, assist his wife with care of his ailing father-in-law, and that the presumption of detention can be rebutted by placing Defendant on electronic home confinement and supervision.

Defendant's arguments, lightly supported by evidence at the Detention Hearing, constitute 'some evidence' that Defendant does not pose a danger to the community or a flight risk.  Accordingly, Defendant adequately rebutted the presumption of detention.

The Government argues that even if Defendant has satisfied his burden, the Court must still consider the presumption of detention when weighing the § 3142(g) factors.  *See Stone*, 608 F.3d at 945.  It goes on to enumerate those factors, arguing the gravity of the Federal crimes of terrorism weigh in favor of detention, that erratic and concerning statements of willingness to fight in Ukraine and "martyr himself," to give his "children a voice," speak to flight risk and community danger.  His history and characteristics, including a lack of employment or true connection to the area, on top of his mental health challenges, also weigh in favor of detention.

The Court has examined Defendant's arguments and finds they tangentially, at best, address the central question of whether Defendant has presented "evidence that he does not pose a danger to the community or a risk of flight."  Defendant's motion addresses the concerns about

---

[1] Defendant is accused of several qualifying "Federal Crimes of Terrorism".  Namely, Violence at International Airports, a violation of 18 U.S.C. § 37(a)(2) and two separate counts of Destruction of Aircraft or Aircraft Facilities under 18 U.S.C. 32(a).

Defendant's mental health history raised by the magistrate judge and equally considered by the Court in this review with nothing but aspirational goals of treatment. Defendant's failure to regularly and properly seek treatment prior to his detention belies his argument that he needs release to properly seek VA treatment. And, Defendant's arguments that he is needed to help care for his ailing father-in-law speaks to the likelihood of flight, but does not assuage the Court's concerns about community safety, related to possible, if not likely, erratic behavior.

The Court finds on *de novo* review of the matter that there are no conditions of release can assure that the defendant will appear and to assure the safety of the community. In consideration of the 3142(g) factors, the Court finds that the nature and circumstances of the offenses charged, including Federal crimes of terrorism, weigh in favor of detention. It also finds that the weight of the evidence of risk of flight or danger to the community and the history and characteristics of the Defendant, including his physical and mental condition weigh in favor of detention.

The Court is sympathetic to the medical needs of the Defendant and his ailing father-in-law, but those considerations do not outweigh the evidentiary weight the presumption of detention carries related to crimes of this category and the specific characteristics and history of the Defendant. Defendant's motion is **DENIED.**

**IT IS SO ORDERED.**

                                              s/Christopher A. Boyko
                                              **CHRISTOPHER A. BOYKO**
                                              **United States District Judge**

**Dated: August 29, 2023**